IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RICHARD FANNON,<br><br>    Plaintiff,<br><br>v.<br><br>JIM McKINNEY, et al.,<br><br>    Defendants. | No. 12-CV-3011-DEO<br><br>ORDER ON MOTION<br>FOR SUMMARY JUDGMENT |

## I. INTRODUCTION AND FACTUAL BACKGROUND

The present case is a § 1983 action brought by the Plaintiff Richard Fannon [hereinafter Mr. Fannon]. Mr. Fannon is incarcerated at the Fort Dodge Correctional Facility [hereinafter "FDCF"] in Ft. Dodge, Iowa. Mr. Fannon alleges that James McKinney (FDCF Warden), Karen Anderson (FDCF Nursing Supervisor) and Jana Hacker (FDCF Nurse Practitioner) violated his constitutional right stemming from the medical treatment of his feet related to his diabetic condition.

Currently before the Court is the Defendants' Motion for Summary Judgment. Docket No. 14. The parties appeared telephonically for a hearing on June 19, 2014. After hearing the parties, the Court took their arguments under advisement and now enters the following:

## II. PROCEDURAL HISTORY

Except for a short break, Mr. Fannon has been at FDCF since December 1, 2010. After arriving at that facility, Mr. Fannon filed three relevant grievances. Docket No. 14, No. 3, Exhibit C. In the first, filed December 12, 2011, Mr. Fannon stated that he needed orthopaedic shoes for his diabetic foot condition. Docket No. 14, No.3, Exhibit D. In the response to that grievance, FDCF ruled that Mr. Fannon could buy orthopedic shoes if Fannon would pay for them. Id. Mr. Fannon appealed that holding to the warden, who denied further review. Id. Mr. Fannon appealed the warden's response to the Department of Corrections, who also denied further review. Id. Mr. Fannon filed two subsequent grievances, on June 22, 2012, and September 17, 2012, after he filed the present suit.

Mr. Fannon filed a pro se Complaint, Docket No. 1, on February 6, 2012. In his Complaint, Mr. Fannon argues that he has been denied appropriate medical care because the Defendants have withheld orthopaedic shoes that are medically necessary for his diabetic foot condition. The Defendants filed a Motion for Summary Judgment on November 26, 2012. Docket No. 14. On February 20, 2013, the Court held its first

hearing on Defendants' Motion for Summary Judgment. On October 29, 2013, the Court entered an Order granting summary judgment on the exhaustion grounds and staying summary judgment on the deliberate indifference grounds. Docket No. 27. In that Order, the Court appointed attorney Matthew Metzgar to represent Mr. Fannon and conduct discovery in relation to the deliberate indifference portion of the Defendants' Motion for Summary Judgment. Id. On March 31, 2014, the Plaintiff filed a formal Resistance to the Motion for Summary Judgment. Docket No. 38. On April 7, 2014, the Court entered a pretrial Order directing the parties to schedule a settlement conference before Magistrate Judge Strand. Docket No. 39. The parties appeared for a settlement conference on May 9, 2014. The case did not settle.

**III. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56(c). A fact is *material* if it is necessary "to establish the existence of an element essential to [a] party's case, and on which that party will bear the burden of

proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is a *genuine issue* as to a material fact if, based on the record before the court, a "rational trier of fact" could find for the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When considering a motion for summary judgment, a "court must view the evidence in the light most favorable to the nonmoving party . . . ." Hutson v. McDonnell Douglas Corp., 63 F.3d 771 (8th Cir. 1995). This requires a court to draw any reasonable inference from the underlying facts in favor of the nonmoving party and to refrain from weighing the evidence, making credibility determinations, or attempting to discern the truth of any factual issue in a manner which favors the moving party unless there is no reasonable alternative. See Matsushita, 475 U.S. at 587; and Morris v. City of Chillicothe, 512 F.3d 1013, 1018 (8th Cir. 2008) (citing Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007)).

Procedurally, the movant bears the initial burden "of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of

4

a genuine issue." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Celotex, 477 U.S. at 323). Once the movant has carried his burden, the non-moving party is required "to go beyond the pleadings" and through "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(e)).

As the Eighth Circuit Court of Appeals has explained,

> On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) quoting Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

> genuine issue for trial.'" <u>Ricci</u>, 129 S. Ct. at 2677, quoting <u>Matsushita</u>, 475 U.S. at 587.

<u>Torgerson v. City of Rochester</u>, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc). Summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. See, e.g., <u>Cremona v. R.S. Bacon Veneer Co.</u>, 433 F.3d 617, 620 (8th Cir. 2006).

**IV. ISSUES**

The Defendants admit the essential facts contained in Mr. Fannon's Complaint and make two arguments in their Motion for Summary Judgment. First, the Defendants argue that Mr. Fannon has failed to exhaust the administrative remedies available to him. Second, the Defendants argue that even if Mr. Fannon's allegations are taken as true, they do not amount to a constitutional violation under the applicable deliberate indifference standard related to the medical care of inmates.

On October 29, 2013, the Court entered an initial ruling on the Defendants' Motion for Summary Judgment. In that Order, the Court found:

> Mr. Fannon preserved and exhausted those issues contained in his first grievance,

> specifically regarding the care of his feet, wanting to see a specialist, and whether he can be forced to pay for his own orthopedic shoes. See Docket No. 14, Att. No. 3, p. 27-28.

Docket No. 27, p. 7. The Court went on to grant summary judgment on all issues not contained in Mr. Fannon's first grievance because Mr. Fannon has failed to exhaust his administrative remedies regarding those other issues. Accordingly, the only issue remaining before the Court is whether the Defendants' failure to provide Mr. Fannon orthopaedic shoes constituted deliberately indifferent medical care. In his Resistence to the Defendants' Motion for Summary Judgment, Mr. Fannon argues that the Defendants have been deliberately indifferent to his serious medical need.

V. **ANALYSIS**

A. **Deliberate Indifference**

The standard in this type of case is known as the deliberate indifference standard. The Defendants argue that, admitting the allegations contained in Mr. Fannon's first grievance discussed above, they have provided Mr. Fannon the appropriate medical care under that standard.

7

It is a violation of the Eighth Amendment to act with deliberate indifference to a prisoner's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). It is irrelevant whether such violation occurs through the actions of prison doctors or prison guards, or through the intentional denial of, intentional interference with, or delayed access to medical care. Id. at 104-05. To establish a prison official's deliberate indifference to a serious medical need, a prisoner must demonstrate: (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. Robinson v. Hager, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To establish such a violation, a plaintiff must demonstrate both an objective and subjective component. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) stating, "[t]o prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable

state of mind."); see also Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

An imperative prerequisite to success on this claim is that the prison officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). The result of that requirement is the necessary implication that negligent failure to diagnose and negligent treatment are insufficient to support a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105-06; Bellecourt v. United States, 994 F.2d 427, 431 (8th Cir. 1993); see also Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

As discussed above, the two essential elements in an § 1983 claim related to medical services are 1) a serious medical need and 2) a prison acting with deliberate indifference to that need. In this case, the Defendants admit that Mr. Fannon has a serious medical need. Docket No. 14, Att. 2, p. 11. Accordingly, the parties agree that Mr. Fannon

9

has established the first necessary element for a deliberate indifference claim. However, the Defendants argue that they have aggressively treated Mr. Fannon's medical issue. The Defendants state that they provided Mr. Fannon the opportunity to buy orthopaedic shoes. Additionally, they made sure had Mr. Fannon had gel supports for his shoes and support hose. They otherwise provided treatment and recommendations for his diabetic condition. (Which, the Defendants allege, Mr. Fannon often chooses to ignore.) The Defendants argue that because they treated Mr. Fannon's foot condition in a variety of ways, they have not acted with deliberate indifference by telling Mr. Fannon that he must pay for orthopedic shoes.

It is true, and Mr. Fannon's own filing admits, that Mr. Fannon has been treated repeatedly by the Defendants for his diabetic foot condition. However, that does not necessarily answer the question of whether Mr. Fannon received competent treatment, whether he should have received prescription orthopaedic shoes, and whether he should have seen a specialist.

In his brief, Mr. Fannon argues that he has not received competent medical care and the Defendants have ignored his

medical need for orthopedic shoes.  Specifically, he argues that:

> the medical history shows that Fannon had orthopedic shoes and was referred by medical personnel at the Iowa Medical Classification Center to see a specialist for such footwear.  Thereafter, Fannon did not make any claims regarding pain in his feet until being transferred to the FDCF.  See, Hacker deposition, Exhibit 11.  Hacker admits that if Fannon, while at the Iowa Medical Classification Center and the Anamosa State Penitentiary, had orthopedic shoes for diabetes and that there were no complaints of foot pain, such a history would be significant regarding Fannon's care and treatment.  See, Hacker deposition, p. 46, line 12, et. Seq.  Hacker states such information would be "significant."  See, Hacker deposition, p. 46, line 23 to p. 47, line 2.  However, Hacker is denying Fannon ever had such shoes despite medical records providing otherwise. See, Hacker deposition, p. 46, line 17.  Even Anderson was placed on notice of Fannon's need for orthopedic shoes.  See, Anderson deposition, Plaintiff's Exhibits 22 and 25.

Docket No. 38, p. 6.  Mr. Fannon concludes that:

> Defendants Hacker and Anderson have Fannon's medical history.  Both have ignored that which has provided Fannon the necessary relief from neuropathic pain in his feet. Because Fannon's medical history is "significant" in determining how to treat Fannon's neuropathic foot pain and such history is being ignored, there is a question of fact as to whether Hacker and

11

>     Anderson are deliberately indifferent to
>     Fannon's serious medical condition.

Id., p. 6-7.

The Court is persuaded that Mr. Fannon has created a question of fact regarding whether the Defendants were deliberately indifferent to Mr. Fannon's serious need related to his diabetic foot condition and orthopedic shoes. There is no dispute that Mr. Fannon received orthopedic shoes in 2009 to treat his diabetic foot pain. See Docket No. 38, Att. 1, p. 17-18. In 2009, prison medical officials repeatedly allowed Mr. Fannon to wear his orthopedic shoes for medical reasons. See Docket No. 38, Att. 1, Ex. 5-8. It is clear from the records that when Mr. Fannon was allowed to wear the orthopedic shoes, he did not report pain in his feet. However, as soon as his shoes were not given back to him when he arrived in Ft. Dodge, he began having foot pain. Because there is no dispute that Mr. Fannon has a history of diabetic foot pain, and because there is such a clear causal link between Ft. Dodge's decision to deny Mr. Fannon his orthopedic shoes and an increase in Mr. Fannon's foot pain, Mr. Fannon has created a fact issue on whether Defendants were deliberately indifferent to a serious medical need.

Accordingly, his case should survive summary judgment and proceed to trial.

**B. Expert Testimony**

In their brief, the Defendants also argue that "[g]iven the sophisticated nature of the required course of treatment Fannon alleges, expert testimony is required for him establish his claim." Docket No. 14, Att. 2, p. 12, Fn. 1. Defendants cite Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) in support of that statement. However, expert testimony is not necessary if the causal link between the deliberate indifference and the injury is visible or otherwise obvious. See, for example, Schaub v. VonWald, 638 F.3d 905, 921 (8th Cir. 2011) stating that, "[i]n this case, expert testimony on causation was unnecessary because VonWald's deliberate indifference clearly exacerbated Schaub's wounds." See also Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1210 (8th Cir. 2000), stating, "[i]f Delores suffered "visible" injuries as a result of the exposure, her proof of causation does not necessarily depend on expert medical testimony."

In this case, Mr. Fannon's issue is so obvious that it is "visible" or "clear" as contemplated in the cases cited above. There is no dispute that Mr. Fannon has a diabetic foot condition or that the condition can be exacerbated by improper footwear. Accordingly, the Court is persuaded that Mr. Fannon has sufficiently plead his case, even without specific expert testimony, to survive summary judgment.

**VI. CONCLUSION**

For the reasons set out above, Defendant's Motion for Summary Judgment (Docket No. 14) is **DENIED**.

**IT IS SO ORDERED** this 18th day of July, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa